**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**JOE DOMINGUEZ**                                                                    **PETITIONER**
**Reg #33422-509**

**VS.**                                      **NO. 2:26-cv-00023-BSM-ERE**

**WARDEN, FCI Forrest**                                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this RD without independently reviewing the record.

## I.      Background

On February 10, 2026, Bureau of Prisons ("BOP") inmate Joe Dominguez initiated this case with a pleading titled: "Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 Emergency Filing." *Doc. 1*. He alleged that the BOP had transferred him to FCI Forrest, and documents submitted with the petition showed that he was assigned to a special housing unit for safety reasons related to gang affiliation. *Id at 15-16*.

Mr. Dominguez alleged that his housing conditions were "highly restrictive" and he had no access to mail, the prison grievance procedure, a telephone, or the commissary. *Id. at 2-4.* In addition, he asserted that his housing assignment placed an "unlawful restraint" on the duration of his sentence because he could not earn First Step Act time credits while assigned to a special housing unit. *Id. at 4.*

For relief, he asked the Court to order the BOP to transfer him to a facility where he could be safely housed without being isolated. *Id. at 6.* Mr. Dominguez also filed a motion for a temporary restraining order and a preliminary injunction seeking immediate transfer to another facility. *Doc. 2 at 2-4.*

On March 10, 2026, Mr. Dominguez filed a motion for voluntary dismissal with prejudice, now before the Court, stating he has "determined that he no longer wishes to pursue this matter." *Doc. 3 at 1.*

## II.   Discussion

Mr. Dominguez's motion is properly construed as a motion for voluntary dismissal, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. See *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) (finding voluntary dismissal under Rule 41(a)(1) appropriate and consistent with rules governing habeas cases). Because the Court has not ordered service of the petition, Respondent has not filed an answer, and Mr. Dominguez is entitled to dismissal *without* prejudice, pursuant to Rule 41(a)(1)(A)(i).

2

## III.    Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner's motion for voluntary dismissal (*Doc. 3*) be GRANTED, the petition (*Doc. 1*) be DISMISSED WITHOUT PREJUDICE, and the case closed.

Dated 12 March 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3